UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
FRANCESCO ZANGHI and ZANGHI LLC,

            Plaintiffs,              **MEMORANDUM AND ORDER**

     - against –

PIERGRAZIANO RITELLA, GIUSEPPE          19 Civ. 5830 (NRB)
CAVALLARO, ALESSANDRO VACCA, GIANLUCA
ALOCCI, STEFANO CALLEGARI, FUTURA
HOSPITALITY LLC, STUDIO LEGALE
CAVALLARO, and GIOIA E VITA S.R.L.,

            Defendants.
------------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


    Plaintiffs Francesco Zanghi and Zanghi LLC (together, "Zanghi") move under Fed. R. Civ. P. 4(f)(3) for authorization to serve foreign defendants Gianluca Alocci and Stefano Callegari (together, "Unserved Defendants") through alternative methods of service. (ECF No. 110.) Specifically, Zanghi seeks to serve process on the Unserved Defendants by (1) email, and (2) through an American attorney. Zanghi's motion is granted in part subject to the conditions described in this Memorandum.

<u>**BACKGROUND**</u>

    The Court assumes familiarity with the facts of this case, which were summarized in the Court's February 5, 2020 opinion addressing Zanghi's request to serve other defendants

by email and through their U.S. counsel. Zanghi v. Ritella, No. 19 Civ. 5830, 2020 WL 589409 (S.D.N.Y. Feb. 5, 2020). Those defendants have now been served.

With respect to the Unserved Defendants, who reside in Italy, Zanghi has attempted service under Fed. R. Civ. P. 4(f)(2)(C)(ii) by arranging for the Clerk of Court to mail both Alocci and Callegari the summons and amended complaint. (ECF Nos. 94 and 95; see ECF No. 110-3.) The postal records filed by Zanghi show that the package sent to Alocci was undeliverable because he was not available to accept it at the time of delivery, although the postal service left notice for him to pick up the package from a local facility. (ECF No. 110-3.) The package sent to Callegari was successfully delivered to his address. (Id.) Zanghi, however, has not yet obtained signed return receipts acknowledging delivery from either defendant as required by Rule 4(f)(2)(C)(ii).

Likewise, Zanghi has tried, unsuccessfully, to serve Alocci and Callegari through Italian authorities consistent with Fed. R. Civ. P. 4(f)(1). (ECF No. 110-2 at 1.)

Zanghi now moves for authorization to serve Alocci and Callegari via email and through Craig Dietsch, counsel for Alocci and Callegari's co-defendants in this case.

<u>**LEGAL STANDARDS**</u>

Fed. R. Civ. P. 4(f)(3) permits plaintiffs to serve "an individual . . . at a place not within any judicial district of the United States . . . [by] means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Courts have discretion to approve a method of alternative service under Rule 4(f)(3) when it "(1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process" in that it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." <u>Zanghi</u>, 2020 WL 589409, at *5-6 (quoting <u>Mullane v. Cent. Hanover Bank & Tr. Co.</u>, 339 U.S. 306, 314 (1950)).

<u>**DISCUSSION**</u>

As an initial matter, there is no international agreement between Italy and the United States that prohibits service via email or U.S. counsel. <u>Id.</u> at 6. Thus, the live issue is whether Zanghi's proposed methods of service are reasonably calculated under the circumstances to inform Alocci and Callegari of this lawsuit.

**I.   Service by Email**

Service by email satisfies due process when a plaintiff presents "facts indicating that the person to be served would

be likely to receive the summons and complaint at the given email address." Id. (citations omitted). In cases where courts have approved of service by email, plaintiffs typically introduced evidence that (1) the email address is indisputably connected with the defendant, such as the defendant using the account to personally communicate with the plaintiff or publicly advertising that email address as a means to conduct official business with the defendant, and (2) the account is active and has been recently used. See, e.g., id. (collecting cases); AMTO, LLC v. Bedford Asset Mgmt., LLC, No. 14 Civ. 9913, 2015 WL 3457452, at *9 (S.D.N.Y. June 1, 2015) (same); F.T.C. v. PCCare247 Inc., No. 12 Civ. 7189, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (same).

In applying those standards to Zanghi's earlier requests, the Court permitted Zanghi to serve a defendant by email when there was evidence that the defendant had used the email address within the past year but disallowed email service for other defendants when there was no proof that the email addresses were "operational and accessed" by the defendants recently. Zanghi, 2020 WL 589409, at *7.

### A.   Alocci

Zanghi requests that the Court authorize service on Alocci through the email address gianluca.alocci@ studiocavallaro.org. (ECF No. 110-2 at 3.) In support,

Zanghi notes that Alocci used the studiocavallaro.org email address to contact Zanghi several times between October 2018 and June 2019 regarding the pizzerias underlying this case. (<u>Id.</u>; <u>see also</u> ECF No. 110-6 Exs. A, B, E, G-I, K-M.)

This evidence does not establish that emailing gianluca.alocci@studiocavallaro.org is likely to result in Alocci learning of this case. While Alocci used this email address to contact Zanghi, there is no proof that Alocci has used that email address in nearly a year and a half. In fact, there is good reason to doubt that the account is still operational. Based on the Court's research, the domain associated with Alocci's email address (studiocavallaro.org) is not linked to a functional webpage or otherwise associated with the Roman lawyer Alocci. Moreover, a search of Italy's Consiglio Nazionale Forense, the official registry of Italian lawyers, shows different email addresses associated with Alocci's law license: g.alocci@giustizia.cloud and gianluca.alocci@ordineavvocatiroma.org. <u>Ricerca Avvocati</u>, Consiglio Nazionale Forense (last accessed November 25, 2020), https://www.consiglionazionaleforense.it/web/cnf/ricerca-avvocati (results for "ALOCCI GIANLUCA").

As a result, Zanghi may not serve Alocci through emailing gianluca.alocci@studiocavallaro.org alone. <u>Cf.</u> <u>F.T.C. v. Pecon Software Ltd.</u>, No. 12 Civ. 7186, 2013 WL 4016272, at *5

(S.D.N.Y. Aug. 7, 2013) ("Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant.") (citations omitted).

However, as explained below, Zanghi may satisfy due process by serving Alocci through this email address in conjunction with other methods of notice. See Berdeaux v. OneCoin Ltd., No. 19 Civ. 4074, 2020 WL 409633, at *2 (S.D.N.Y. Jan. 24, 2020) (permitting plaintiff to serve process by emailing an address for which there was no proof that defendant had used the account for three years when combined with other forms of notice).

### B. Callegari

Zanghi proposes to serve Callegari by emailing callegari.ste@gmail.com. (ECF No. 110-2 at 3.) In his initial application, Zanghi only produced proof that Callegari used the Gmail address at issue as recently as January 2019 to contact Zanghi about menus for the pizzerias. (ECF No. 110-2 at 3 (noting that other defendants sent messages through that email account as recently as March 2019); see also ECF No. 110-6 Exs. C, D, F, J.) Zanghi later filed evidence attached to his November 12, 2020 letter to the Court revealing that this email address was used to contact Zanghi's counsel as recently as October 27, 2020. (ECF No. 111-2.) The emails from the callegari.ste@gmail.com

account contain Callegari's information in the signature block, mention a dispute in "NYC," and reference an envelope that Callegari received related to this lawsuit, which presumably contained the summons and amended complaint sent by the Clerk of Court and delivered to his address. (<u>Id.</u>)

This evidence strongly suggests that Callegari is actively using the Gmail account and will thus receive process papers sent to that email address. Furthermore, the substance of Callegari's email to Zanghi's counsel demonstrates that he is already aware of this lawsuit. When combined with the fact that the summons and amended complaint have already been delivered to Callegari's address (ECF No. 110-3), these considerations are sufficient to satisfy the <u>Mullane</u> due process standard. Zanghi may therefore effect service on Callegari by emailing the summons, amended complaint, this Order, and Italian translations of the same to callegari.ste@gmail.com.

## II.  Service Through Attorney Craig Dietsch

Zanghi also asks for permission to serve "Alocci and Callegari via U.S. counsel, Mr. Craig Dietsch." (ECF No. 110-2 at 4.)  As Callegari may be served by email alone, the Court will only address this request with respect to Alocci.

While courts commonly approve service on a foreign defendant's U.S. counsel under Rule 4(f)(3), they first

"require that the circumstances indicate that U.S. counsel will inform the foreign defendant of the action." <u>Zanghi</u>, 2020 WL 589409, at *7 (citations omitted).

As a threshold matter, Mr. Dietsch's actions in this lawsuit have left the status of his relationships with the Unserved Defendants far from clear.  As Zanghi points out, Mr. Dietsch has submitted multiple letters to this Court purportedly on behalf of the Unserved Defendants.[1]  Despite these filings, Mr. Dietsch maintains that he has "never represented" the Unserved Defendants "in any capacity." (ECF No. 107 at 2.)  While Mr. Dietsch's actions before this Court on behalf of parties he does not represent are issues that we will leave for another day, the Court cannot assume that an attorney-client relationship exists based on this record.

As Mr. Dietsch is not Alocci's U.S. counsel, the presumptions that typically apply when courts approve service through a party's attorney, such as open lines of communication and a fiduciary relationship, are simply not present here.  Indeed, the case for serving Alocci through Mr. Dietsch is weaker than Zanghi's failed motion to serve defendants Cavallaro, Vacca, and Gioia e Vita through Rocco

---

[1]    <u>See</u> ECF No. 104 (requesting a pre-motion conference to file motion to dismiss the amended complaint against Alocci and Callegari); ECF No. 107 (opposing Zanghi's request for a pre-motion conference to file a motion for alternative service on Alocci and Callegari).

Lamura, an attorney who was actively representing those defendants at the time but in the process of seeking to withdraw as counsel. See Zanghi, 2020 WL 589409, at *7.

Accordingly, Zanghi may not serve Alocci by emailing process to Mr. Dietsch. See, e.g., Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria, 265 F.R.D. 106, 120 (S.D.N.Y. 2010) (denying alternative service on counsel who represented defendants in connection with "various corporate and regulatory matters" but never represented them "in connection with any litigation," including the instant case); Kuklachev v. Gelfman, No. 08 Civ. 2214, 2008 WL 5068860, at *4 (E.D.N.Y. Nov. 24, 2008) (refusing to allow service on counsel who did not represent defendant).

### III. Appropriate Relief

In an effort to avoid further motion practice, the Court concludes that the following combination of methods, done simultaneously, are reasonably calculated under the circumstances to result in Alocci receiving process and learning of the pending lawsuit, see Berdeaux, 2020 WL 409633, at *2:

> (1) Emailing a copy of the summons, amended complaint, this Order, and Italian translations of the same to g.alocci@giustizia.cloud and gianluca.alocci@ ordineavvocatiroma.org, the two email addresses

associated with Alocci on Italy's official registry of lawyers;

(2)  Emailing a copy of the summons, amended complaint, this Order, and Italian translations of the same to gianluca.alocci@studiocavallaro.org, the email address that Alocci used to communicate with Zanghi last year;

(3)  Mailing through registered mail a copy of the summons, amended complaint, this Order, and Italian translations of the same to Alocci at Via Orvieto, 25, Pl.11 S.C.B In.7, Rome, Italy 001852, the address on Alocci's Roman certificate of residence (ECF No. 110-5);[2] and

(4)  Mailing through registered mail a copy of the summons, amended complaint, this Order, and Italian translations of the same to Alocci at the two physical addresses associated with Alocci on Italy's official registry of lawyers: Via del Tritone, 102,

---

[2]      Service by mail on defendants located in Italy is not prohibited under international agreements between the United States and Italy.  See Stafford v. Grifols Int'l S.A., No. 18 Civ. 321, 2019 WL 3521957, at *3 n.6 (N.D. Ga. Feb. 25, 2019) (collecting cases); see also Judicial Assistance Country Information: Italy, U.S. Dep't of State (last updated Nov. 15, 2013), https://travel.state.gov/content/travel/en/legal /Judicial-Assistance-Country-Information/Italy.html ("International service of process by registered mail is allowed in Italy, but this method will only record delivery to an address and not to a person.").

Rome, Italy 00187 and Via delle Montagne Rocciose, 68, Rome, Italy 00144.

## CONCLUSION

For the reasons above, Zanghi's motion for alternative service is granted in part subject to the conditions set forth in this Memorandum.

Alocci and Callegari are cautioned that they face the possibility of having certificates of default and default judgments entered against them if they fail to timely respond to the amended complaint following Zanghi's completion of service through each of the methods approved by the Court.

The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 110.

**SO ORDERED.**

Dated:   New York, New York
         November 25, 2020

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE