```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

FRANCESCO ZANGHI and ZANGHI LLC,

                    Plaintiffs,
                                              MEMORANDUM AND ORDER
          - against -
                                              19 Civ. 5830 (NRB)
PIERGRAZIANO RITELLA, GIUSEPPE
CAVALLARO, ALESSANDRO VACCA, GIANLUCA
ALOCCI, STEFANO CALLEGARI, FUTURA
HOSPITALITY LLC, STUDIO LEGALE
CAVALLARO, and GIOIA E VITA S.R.L.,

                    Defendants.

----------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Presently before the Court is defendants' application of March 14, 2023 for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1)(B) concerning plaintiffs' deposition notices of March 9, 2023 and March 14, 2023 to depose via Zoom: (i) defendant Piergraziano Ritella on March 15, 2023 at 10:00 a.m. EST; (ii) defendant Alessandro Vacca on March 16, 2023 at 9:00 a.m. EST; (iii) defendant Gianluca Alocci on March 16, 2023 at 2:00 p.m. EST; (iv) defendant Giuseppe Cavallaro on March 17, 2023 at 10:00 a.m. EST; and (v) plaintiff Francesco Zanghi on March 14, 2023 at 1:30 p.m. EST.  See ECF Nos. 191; 191-1; 191-2.  The Court finds that these deposition notices are defective in all respects, and grants defendants' application for a protective order.

1

First, plaintiffs' deposition notices to defendants Ritella, Vacca, Alocci, and Cavallaro are both untimely and unreasonable. Indeed, providing only six to eight days of notice of a series of back-to-back depositions is wholly inadequate when the deponents are domiciled in Italy and do not speak English. See Fed. R. Civ. P. 30(b)(1) ("A party who wants to depose a person by oral questions must give <u>reasonable</u> written notice to every other party." (emphasis added)).

Second, it is plainly improper to schedule a deposition to take place in the middle of the night. Plaintiffs must account for time differences and schedule depositions in multiple sessions, if necessary, so that all individuals are deposed during their regular business hours. See <u>Sec. & Exch. Comm'n v. Aly</u>, 320 F.R.D. 116, 120 (S.D.N.Y. 2017) (finding that issues presented by a 10-hour time difference could be solved by "holding the deposition in two- to four-hour blocks"); <u>In re Sumitomo Copper Litig.</u>, 204 F.R.D. 58, 61 (S.D.N.Y. 2001) ("[W]hile the time difference between Japan and the United States and the language difference between Plaintiffs and Defendant might make communicating more challenging in this than in most cases, this challenge is one that could be overcome with a modicum of effort by counsel and Defendant.").

Third, on March 9, 2023, the Court denied plaintiffs' request that plaintiff Francesco Zanghi's deposition be held remotely.

<u>See</u> ECF No. 190.  Plaintiffs shall provide Mr. Zanghi's availability for an in-person deposition in New York to defendants.

If plaintiffs can propose a deposition schedule that conforms to customary, professional norms; addresses the current deficiencies; and includes making Mr. Zanghi available for a deposition in New York, the Court would consider that request.  At this stage, however, defendants' motion for a protective order is granted in its entirety.  The Clerk is respectfully instructed to terminate the motion pending at ECF No. 191.

**SO ORDERED.**

Dated:    New York, New York
          March 15, 2023

```
                              _____
                                 NAOMI REICE BUCHWALD
                              UNITED STATES DISTRICT JUDGE
```