UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

FRANCESCO ZANGHI and ZANGHI LLC,

               Plaintiffs,

       - against -              **MEMORANDUM AND ORDER**

PIERGRAZIANO RITELLA, GIUSEPPE       19 Civ. 5830 (NRB)
CAVALLARO, ALESSANDRO VACCA,
GIANLUCA ALOCCI, STEFANO CALLEGARI,
FUTURA HOSPITALITY LLC, STUDIO
LEGALE CAVALLARO, and GIOIA E VITA
S.R.L.,

               Defendants.

-----------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


    This case arises out of investments, allegedly made based on misrepresentations, between June and November 2018 by plaintiffs Francesco Zanghi and his company, Zanghi LLC, in pizzerias located in the United States and Italy.  On January 30, 2024, during a conference with the parties, the Court learned of a familial relationship between plaintiff Francesco Zanghi and his counsel, Mr. Andrea Natale.  See ECF No. 228 (the "Order to Show Cause") at 1.  Following that conference, defendants' counsel submitted, at the Court's request, the deposition testimony of Mr. Zanghi and emails from Mr. Natale in 2018 and 2019 that raised concerns regarding Mr. Natale's direct involvement in contested issues in this case.  See ECF No. 227,

Exs. 1-5.  Specifically, during Mr. Zanghi's deposition, he was asked whether he discussed his investments in the pizzerias with Mr. Natale given the familial relationship between him and his counsel.  See id., Exs. 1-3.  In addition, email communications from December 2018 and January 2019 reflected plaintiffs' counsel's involvement in a dispute concerning a lease for a pizzeria located in Miami, Florida between a landlord, Mr. Zanghi, and various defendants.  See id., Exs. 4-5.

To ensure that plaintiffs' counsel's participation as an advocate in this case was not contrary to Rule 3.7(a) of the New York State Rules of Professional Conduct, known as the "attorney-witness rule," on March 4, 2024, the Court issued the Order to Show Cause.  See ECF No. 228.  The attorney-witness rule provides that:

> A lawyer shall not act as an advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless:
>
> (1)  the testimony relates solely to an uncontested issue;
> (2)  the testimony relates solely to the nature and value of legal services rendered in the matter;
> (3)  disqualification of the lawyer would work substantial hardship on the client;
> (4)  the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or
> (5)  the testimony is authorized by the tribunal.

N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0, Rule 3.7(a).  The Order to Show Cause directed plaintiffs' counsel to show cause

2

as to why he should not be disqualified from representing plaintiffs under the attorney-witness rule given his apparent direct involvement in contested issues.

On April 2, 2024, plaintiffs' counsel responded to the Order to Show Cause, maintaining that his disqualification was not warranted. See ECF No. 229. Specifically, plaintiffs' counsel contended that (1) he would not likely be called as a witness because his involvement in 2018 and 2019 was "tangential to the core disputes at the heart of this litigation" which occurred many months before his involvement; (2) his disqualification would cause substantial hardship to the plaintiffs; and (3) defendants failed to raise this issue for over four and a half years. See ECF No. 229 at 6, 8-9.

On May 2, 2024, the Court requested clarification on plaintiffs' counsel's familial relationship with Mr. Zanghi. See ECF No. 230. On June 13, 2024, defendants submitted a response to the Court's Order to Show Cause arguing that plaintiffs' counsel should be disqualified from representing the plaintiffs because (1) in their view, there was a substantial relationship between the representation of the leasing dispute and the complained-of events and (2) Mr. Natale "represented defendants in prior litigation matters." See ECF No. 232-1 at 3-4. On June 25, 2024, plaintiffs' counsel provided the Court's requested clarification on his familial relationship with Mr.

3

Zanghi and responded to defendants' submission clarifying that the disputes in this case "center[] on the misrepresentations . . . that occurred from May to August 2018," ECF No. 235 at 1, and provided email communications during the lease dispute demonstrating that Mr. Natale did not represent the defendants in the prior matter and had clearly noted that he "represent[ed] a limited member of the company" and did "not have authority to bind" the current defendants in that dispute, id. at 14.

The Court is satisfied that plaintiffs' counsel need not be disqualified.  First, as the Court has previously noted, the membership interests that are the subject of this dispute were acquired between June and November 2018.  See ECF No. 152 at 4. Therefore, Mr. Natale's involvement in any related disputes occurred after the complained-of investments.  Second, plaintiffs' counsel's submission of contemporaneous emails demonstrates that he was not, contrary to defendants' unsupported claim, representing defendants in a prior matter. See ECF No. 235 at 14.  Further, there is no indication that Mr. Natale's familial relationship with his client would mean that he is a possible witness on any significant issue of fact that would require his disqualification under the attorney-witness rule.[1]

---

[1] Mr. Zanghi's deposition transcript includes one vague question about whether the plaintiff discussed "the investment with Mr. Natale during this time period."  ECF No. 227-1 at 83:5-7.  Given the lack of specificity in this

Finally, given the parties' interest in a referral to the assigned magistrate judge for settlement purposes, see ECF Nos. 232-233, an Order of Reference to the Magistrate Judge will shortly follow this Memorandum and Order.

**So ordered.**

Dated:     July 17, 2024
           New York, New York

                               NAOMI REICE BUCHWALD
                               UNITED STATES DISTRICT JUDGE

---

portion of the excerpted transcript, the Court has no reason to believe that plaintiffs' counsel would be a "witness on a significant issue of fact."